# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROL LOUISE WATSON,<br><br>                             Plaintiff,<br>v.<br><br>EILEEN OLSON,<br><br>                            Defendant. | Case No. 19-CV-1805-JPS<br><br>**ORDER** |

      On December 9, 2019, the plaintiff, Carol Louise Watson ("Watson"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). The Court may grant the plaintiff's motion to proceed *in forma pauperis* if it determines that: (1) the plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) the plaintiff's action states a viable claim and is neither frivolous, malicious, nor barred by immunity. 28 U.S.C. §§ 1915(a), (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The information the plaintiff has provided in her motion to proceed *in forma pauperis* demonstrates that she is indigent. (Docket #2). More precisely, the motion shows that the plaintiff is unemployed, unmarried, and collects $794.00 per month in public assistance payments. *Id.* at 1–2, 4. Her expenses total about $616.46 per month, which includes rent, utilities, gas, and other household expenses. *Id.* at 2–3. She owns a car

worth about $3,500.00 and has a bank account holding $829.88. *Id.* at 3–4. She has no other assets. *Id.* at 4. Based on this information, the Court is satisfied that the plaintiff is indigent and cannot afford the filing fee. Her motion to proceed *in forma pauperis* will be granted.

Notwithstanding the payment of any filing fee, however, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court will therefore evaluate Watson's allegations to determine whether her complaint must be dismissed for any of these reasons.

Watson, who currently resides in Racine, Wisconsin, alleges that she lived in the Riverview Manor Apartments ("Riverview") in Burlington, Wisconsin from 2015 to the end of 2016. (Docket #1 at 2). In January 2017, she applied for housing in Colorado with her daughter and son-in-law. *Id.* The defendant, Eileen Olson ("Olson"), an employee of Riverview, submitted a positive landlord reference on Watson's behalf regarding Watson's tenancy at Riverview. *Id.* Watson was approved for a lease and moved to Colorado. *Id.* At some point after that, Watson moved in with a relative due to health reasons, and then in June 2019, she sought to move to Illinois after a death in that relative's family. *Id.*

In June 2019, Watson applied for HUD senior subsidized housing in Illinois. *Id.* Olson again submitted a reference for Watson, but this time the reference was negative. *Id.* at 3. Watson did not get the lease. *Id.* at 2. She believes Olson gave the negative reference in retaliation for Watson having written a letter to the editor of the Burlington Press in February 2017 criticizing Olson and Riverview's treatment of seniors. *Id.* at 3. Watson had

not returned to Riverview since Olson had written the positive reference for her Colorado application, and therefore Watson says the only reasonable explanation for the negative reference is retaliation for her criticism in the letter-to-the-editor. *Id.*

On these allegations, Watson seeks to proceed on a claim of First Amendment retaliation. But the First Amendment prohibits *government* infringement on the right of free speech; it is not implicated by allegations of a private individual quashing or discouraging another person's speech. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). Watson does not allege that Olson is a governmental actor, and therefore the First Amendment is not the proper basis for Watson's claim.

Instead, it appears Watson meant to allege a claim of defamation. In Wisconsin, a defamation claim requires proof of three elements: "(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and, (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *In re Storms v. Action Wisconsin Inc.*, 750 N.W.2d 739, 748 (Wis. 2008). Watson's allegations meet these elements.

Nonetheless, Watson's case cannot stay in this Court because it does not invoke the subject matter jurisdiction of the federal courts. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Watson's allegations do not invoke either form of jurisdiction. She

does not allege a violation of the First Amendment, or any other federal law, meaning federal question jurisdiction is not available. The parties are not diverse (both being citizens of Wisconsin) and Watson does not allege injuries exceeding the amount in controversy threshold, so diversity jurisdiction is not available either.

Therefore, Watson's complaint must be dismissed without prejudice for lack of subject matter jurisdiction. She is free to file her complaint in a Wisconsin state court instead.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge