UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROL LOUISE WATSON, | |
| Plaintiff, | |
| v. | Case No. 19-CV-1805-JPS |
| EILEEN OLSON, | **ORDER** |
| Defendant. | |

On January 6, 2020, the Court reopened this case and invited Plaintiff Carol Louise Watson ("Watson") to file an amended complaint. (Docket #9). The amended complaint was to include any facts that inform Watson's belief that Defendant Eileen Olson ("Olson") is a government actor. *Id.* at 2. On January 10, 2020, Watson filed a document she titled "amended complaint," in which she explains that Olson is "employed by the Burlington Housing Authority" and is a "part-time manager of Riverview Manor, a HUD-subsidized housing complex for seniors in Burlington, Wisconsin." (Docket #10 at 2).

Watson's amended complaint does not include the allegations from her original complaint. This is not proper. An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). The Court will excuse Watson's misstep in this instance and will instruct the Clerk of Court to append Watson's original complaint, (Docket #1), to her submission

titled "amended complaint," (Docket #10). The two documents together will be the operative pleading in this case.

Next, in light of Watson's new allegations in her amended complaint, the Court will permit her to proceed on a First Amendment retaliation claim against Olson. To prevail on this claim, Watson must ultimately show that (1) she engaged in activity protected by the First Amendment, (2) she suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was at least a motivating factor in Olson's decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). If Olson does not believe she is a government actor for purposes of First Amendment liability, she can raise the issue in an appropriate motion before this Court.

Finally, Watson is instructed to serve her amended complaint, together with her original complaint and this Order, on Olson. She can do this in one of two ways. She may obtain service on her own accord, or she may ask the Court to order service by the U.S. Marshal. If Watson wishes to effect service herself, she should file a request for the Clerk of the Court to issue a service packet to her. If she desires service by the U.S. Marshal, she must file a letter with this Court asking for an appropriate order. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Watson shall either request a service packet from the Clerk of Court or an order for U.S. Marshal service within **fourteen (14) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #10) shall be her operative pleading in this action. The Clerk of Court is

instructed to append Plaintiff's original complaint (Docket #1) to her amended complaint (Docket #10); and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge